FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

FEB 0 4 2011

JAMES N. HATTEN, Clerk
By: 
Deputy Clerk

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: CAMP LEJEUNE, NORTH CAROLINA
WATER CONTAMINATION LITIGATION    MDL No. 2218

### TRANSFER ORDER

**Before the Panel:**[*] Plaintiff in the action pending in the Eastern District of North Carolina has moved, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of this litigation in the Eastern District of North Carolina. Plaintiffs in the actions pending in the Northern District of Georgia and the Northern District of Alabama support or do not object to the motion. Defendant, the United States, agrees that centralization is appropriate, but requests a delay of centralization until after pending jurisdictional motions in each of the constituent actions are decided. Defendant alternatively suggests centralization in the Northern District of Georgia.

This litigation currently consists of four actions listed on Schedule A and pending in four districts, one action each in the Northern District of Alabama, the Southern District of Florida, the Northern District of Georgia, and the Eastern District of North Carolina.[1]

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. It is undisputed that these actions share factual questions arising out of alleged death or injuries due to contaminated drinking water on the Marine Corps Base at Camp Lejeune, North Carolina. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

Defendant requests a stay of centralization pending rulings on several motions to dismiss. We decline to delay centralization, as it only invites inconsistent rulings, a result that Section 1407 is designed to avoid. Moreover, the parties have indicated that they anticipate a large number of additional related actions to be filed. It is unlikely, therefore, that the resolution of these outstanding motions to dismiss will obviate the need for centralization.

---

[*] Judge Kathryn H. Vratil took no part in the decision of this matter.

[1] Defendant has notified the Panel that an additional related action is pending in the Eastern District of North Carolina. This action is a potential tag-along action. *See* Rule 7.1, R.P.J.P.M.L.

We are persuaded that the Northern District of Georgia is an appropriate transferee forum. The United States indicates that documents and witnesses will be located in that district, because several governmental agencies based their investigations of Camp Lejeune in Atlanta, Georgia. Most importantly, the Northern District of Georgia is an easily accessible location, and this district does not have many MDLs on its docket. Judge J. Owen Forrester, who is presiding over the Northern District of Georgia action, has the experience to steer this litigation on a prudent course.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable J. Owen Forrester for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

David R. Hansen          W. Royal Furgeson, Jr.
Frank C. Damrell, Jr.    Barbara S. Jones
Paul J. Barbadoro

ATTEST: A TRUE COPY
CERTIFIED THIS

MAR 11 2011

James N. Hatten, Clerk
By: _____
Deputy Clerk

IN RE: CAMP LEJEUNE, NORTH CAROLINA
WATER CONTAMINATION LITIGATION                                  MDL No. 2218

## SCHEDULE A

Northern District of Alabama

John Edwards, et al. v. United States of America, C.A. No. 2:10-01998

Southern District of Florida

Leandro Perez, et al. v. The United States of America, C.A. No. 1:09-22201

Northern District of Georgia

Erica Y. Bryant v. United States of America, C.A. No. 1:10-02741

Eastern District of North Carolina

Laura J. Jones v. United States of America, C.A. No. 7:09-00106